UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID TYSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-04813 |
| § | |
| KIRBY INLAND MARINE, LP, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Pending before the Court is the defendant's, Kirby Inland Marine, LP ("Kirby"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 5). The plaintiff, David Tyson ("Tyson"), has filed a response to the defendant's motion (Dkt. No. 6), and the defendant has filed a reply (Dkt. No. 7). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the defendant's motion should be **GRANTED**.

**II.    FACTUAL BACKGROUND**

Tyson was employed by Kirby Inland Marine beginning on April 3, 2000. In January 2022, he sustained a shoulder injury that resulted in a disability requiring medical treatment. Tyson then took a brief medical leave and returned to work in May 2022. Upon his return, Tyson learned that during his absence, a coworker had accused him of sexual harassment and claimed that Tyson was targeting him by nitpicking his work among other things.

Following these accusations, Kirby conducted an internal investigation and concluded that the co-worker's claims were false, and that Tyson had not engaged in any misconduct. Despite this

finding, Kirby took no action against the accuser but reassigned Tyson to another vessel, thereby permitting the accuser to remain on the original vessel without reprimand. Tyson alleges that this reassignment was a form of discrimination and retaliation against him.

After his reassignment, Tyson alleges that the same accuser began subjecting him to severe and pervasive sexual harassment. One such instance occurred when Tyson was in the weight room in his underwear, and the accuser entered the room and suggestively said, "Here big boy, want me to lift that weight for you?" Tyson reported this incident to the Operations Manager who allegedly dismissed Tyson's concerns and warned him "If I were you, I wouldn't want anything else added to your file. Take the move and go with it." Tyson asserts that this response further demonstrated Kirby's discriminatory and retaliatory intent.

On or around May 12, 2023, Kirby received an anonymous complaint from a lightboat driver alleging that Tyson had operated his vessel too closely to the lightboat, nearly causing a collision. Kirby reviewed video footage of the incident and determined that the lightboat driver had failed to follow proper protocol to alert Tyson of his location. However, while reviewing the footage, Kirby noticed that Tyson briefly picked up his own personal phone. When questioned, he explained that he was only using his phone to change the podcast he was listening to.

Shortly thereafter, on May 15, 2023, Kirby terminated Tyson's employment, citing a violation of the company's cell phone policy. Tyson contends that this termination was pretextual and discriminatory, as Kirby had failed to follow its progressive disciplinary policy. He was a disabled employee who was engaged in protected activity. Hence, he asserts that his termination was a direct result of discrimination based on his disability, as well as in retaliation for reporting workplace harassment.

Based on these events, Tyson filed a claim under the Texas Commission of Human Rights Act, alleging disability discrimination, retaliation, and that Kirby created a hostile work environment. He received a 60-day notice of a right to sue in August of 2024 and timely filed his lawsuit.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." Under the demanding standards of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). Dismissal is appropriate only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court's review may include the allegations in the complaint and any documents attached to a defendant's motion to dismiss, if they are both referred to in the complaint and central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### IV.   ANALYSIS & DISCUSSION

Tyson received his 60-day notice of right to file suit on August 16, 2024. He had until October 15, 2024, to both file suit and effectuate service on Kirby. TEX. LAB. CODE § 21.254. While Tyson timely filed his lawsuit on October 15, 2024, he did not serve Kirby until November 15, 2024, one month beyond the statutory deadline for filing and serving the citation. Because Tyson does not dispute that service was untimely, his claims are time-barred unless he can establish

that he diligently sought to serve Kirby before and after November 15, 2024. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990).

Tyson must present evidence that conclusively establishes that he was diligent regarding his efforts to file and serve his lawsuit. *Proulx v. Wells*, 235 S.W.3d 213 (Tex. 2007). Once a delay is established, Tyson must present evidence showing continuous diligence in attempting service. *Id*. Here, Tyson offers two explanations: (1) he was waiting for a response from Kirby's former counsel about accepting service, and (2) his mother suffered a stroke shortly after he filed the suit. However, neither explanation conclusively establishes that Tyson was diligent under Texas law.

Tyson argues that he emailed Kirby's former counsel on October 15, 2024, to inquire whether he would accept service and, after receiving no response, waited until November 12, 2024, to follow up. This delay of nearly a month, without additional efforts to serve Kirby, constitutes a lack of due diligence. Tyson's October 15, 2024, email explicitly stated that if no response was received, he would proceed with direct service. Yet, he failed to do so. His failure to initiate service until nearly a month later supports a finding of a lack of diligence.

Given that Tyson and his counsel failed to timely serve Kirby within the statutory period required under the Texas Labor Code § 21.254, and has failed to show conclusively he exercised due diligence under Texas law. Kirby's motion to dismiss should be **GRANTED**.

It is so **ORDERED**.

SIGNED on March 6, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge